

FILED

03 JAN 21 PM 12: 20

MIDD..... .........
TAMPA, FLORIDA

**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

NATIONAL CHIROPRACTIC MUTUAL
INSURANCE COMPANY

Case No.

8:03cv0093-T-17 EAJ

Plaintiff,

vs.

DAVID DRIZIN  AND J.M. DOE

Defendant.

_____/

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, NATIONAL CHIROPRACTIC MUTUAL INSURANCE COMPANY ("NCMIC"), files its Complaint for Declaratory Relief as follows:

### JURISDICTION

1.    This is a complaint for declaratory relief filed pursuant to 28 U.S.C. § 2201, and for the purposes of determining an actual controversy between the parties..

2.    Jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 1332.

3.    The matter in controversy exceeds $75,000, exclusive of interests and costs.

4.    The subject policy of insurance to be construed by the Court were issued for delivery and delivered in Pinellas County, Florida.

### PARTIES

5.    Plaintiff is a corporation incorporated under and having its principle place of business in the state of Iowa and is therefore, a citizen of the state of Iowa.

6.    *Defendant Scott Drizin ("Drizin) is a citizen of the state of Florida.*

**HINSHAW & CULBERTSON**
P.O. Box 569009, Suite 1600, 9155 South Dadeland Boulevard, Miami, Florida 33256  (305) 358-7747 – Facsimile (305) 577-1063

7.     Defendant J. M. Doe ("Doe") is a citizen of the state of Florida and is a proper party as her rights may be affected by this Court's decision.

8.     Holistic Healthcare Centers, Inc. ("HHC") is a corporation organized under and having its principle place of business in Florida and is therefore, a citizen of the state of Florida.

## BACKGROUND FACTS

9.     NCMIC entered into a contract of insurance with Drizin. A copy of the contact is attached as Exhibit "A."  The policy, No. MP00065003, which was in effect from January 26, 2001 through January 26, 2002 contains the following relevant provisions:

### Coverage Agreement

Within the limit of liability shown on the Declarations:

1.     We will pay on your behalf all sums to which this insurance applies and which you become legally obligated to pay as damages because of an injury.  The injury must be caused by an accident arising from a medical incident during the policy period.  The injury must also be caused by you or another insured under this policy; and

2.     We will pay on behalf of the entity listed on the Declarations all sums for which this insurance applies and which the entity becomes legally obligated to pay as damages because of an injury.  The injury must be caused by an accident arising from a medical incident during the policy period and caused by an insured(s) for whose professional services the entity is responsible.  The entity will share the limit of liability shown on the Declarations with you.

The policy further reads:

### Florida Defense And Settlement Endorsement

The following replaces the "Defense and Settlement Clause" section of the policy"

We have the right and duty to defend any claim or suit brought seeking damages against the insured for injury  covered by this policy.  We have the right to appoint counsel and we may investigate any claim made or suit brought. . .

**HINSHAW & CULBERTSON**
P.O. Box 569009, Suite 1600, 9155 South Dadeland Boulevard, Miami, Florida 33256  (305) 358-7747 – Facsimile (305) 577-1063

## Definitions

\* \* \*

2.   **Injury** means bodily injury, sickness, disease or death sustained by any one person.

\* \* \*

4.   **Medical Incident** means any negligent, omission, act or error in the providing of professional services.

\* \* \*

6.   **Professional services** means:

(a)   those services which are within the scope of practice of a chiropractor in the state in which the chiropractor is licensed;

(b)   chiropractic utilization review services, including the rendering of an opinion on the adequacy, necessity or reasonableness of care furnished by another chiropractor based on the review of the patient's records without a physical examination;

(c)   peer review services, including services as a member of a formal accreditation, standards review or other professional board or committee related only to chiropractic.  Peer review means the evaluation of the professional services rendered by another chiropractor for the purpose of determining the qualifications and/or the competency of the chiropractor;

(d)   your performance of independent medical examinations;

(e)   those services provided, as either an instructor or a student, as a part of a chiropractic continuing education program which has been approved or accredited by a chiropractic school, governing regulatory authority, professional board or committee;

(f)   the rendition of chiropractic services to a sports team, but only if the sports team is accredited by an academic other sanctioning organization.

**Professional Services** does not include any services furnished by an insured as a practitioner of any other healing or treating art.

\* \* \*

HINSHAW & CULBERTSON
P.O. Box 569009, Suite 1600, 9155 South Dadeland Boulevard, Miami, Florida 33256  (305) 358-7747 – Facsimile (305) 577-1063

## Exclusions

Despite any provision of this policy, this policy does not apply to medical incidents arising from, based upon, or attributable to any of the following:

A.   An act or omission violating any federal or state statute, or any county or municipal ordinance governing the commission of a crime.

\* \* \*

E.   False imprisonment; false arrest; libel; slander; defamation; invasion of privacy; discrimination.

\* \* \*

F.   Sexual impropriety, sexual intimacy, sexual assault, sexual harassment or any other similarly defined act. However, if any suit is filed against an insured which is otherwise covered by this policy, then we will provide a defense to all allegations made until either you agree with us that we no longer have an obligation to defend or a court finds that we no longer have an obligation to defend.

\* \* \*

O.   The intentional infliction of injury.

## COUNT I - DECLARATORY RELIEF AGAINST DEFENDANT DRIZIN

10.   J.M. Doe filed a Complaint against Scott L. Drizin and HHC, which is pending in the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Case No. 02-5517-CI-8. A copy of the Complaint is attached as Exhibit "B." The Complaint is based on sexual battery and other inappropriate sexual conduct toward the Plaintiff. Specifically, the Complaint alleges causes of action for professional negligence, sexual battery, beach of fiduciary duty and breach of medical confidentiality.

11.   Count I alleges that Defendant Drizin took 150 digital pictures of Defendant Doe dressed only in her underwear and then physically touched and moved the plaintiff's arms, leg and hair.

12.    In paragraph 12, Doe alleges that Drizin breached that duty of care and was negligent in his provision of chiropractic services to her, including without limitation, in one or more of the following ways:

a.    Negligently failing to have a female nurse present as a chaperone during an extensive examination during which he required her to disrobe and pose in numerous awkward, physically painful, and humiliating positions.

b.    Negligently failing to obtain appropriate informed consent for an extensive examination during which he required her to disrobe and pose in numerous awkward, physically painful, and humiliating positions.

c.    Negligently conducting an examination of Plaintiff while she was dressed in only her underwear, in a manner that was not necessary for the purposes of the examination, and which was awkward, physically painful and humiliating.

d.    Negligently, and without good cause, while conducting an extensive examination of Plaintiff, taking approximately 150 digital pictures of Plaintiff dressed only in her underwear, while he physically touched and moved her arms, legs and hair and placed her body in numerous awkward, physically painful and humiliating positions.

13.    The allegations in Count I are excluded by Exclusion F of the policy which excludes coverage for sexual misconduct.

14.    In Count II, Doe alleges while holding a digital camera in one hand, Drizin physically grabbed for her medical gown and pulled it off of her as she continued to protest and question the propriety of the examination. He then proceeded to place her in various poses around the room, including touching her arms and legs and manipulating her into various positions of standing and reclining. He then recorded in excess of 150 photos of her in her

5

underwear, under the guise of a chiropractic medical examination, but in reality for his own sexual gratification.

15.     In Count III, Doe alleges the same facts as in Count II but further alleges that Drizin's representations to Doe that the photographs and touching were done for her chiropractic care were both false and coercive and that Drizin knew the statements were false when he made them in order to deceive and coerce Doe to take semi-nude photographs for his own private purposes.

16.     Counts II and III of the Doe Complaint are not covered by the policy because they fail to allege "an accident arising from a medical incident." Further, these counts are excluded by Exclusion F for sexual misconduct, Exclusion O for intentional infliction of injury and Exclusion A, which excludes coverage for an act or omission violating any federal or state statute, or any county or municipal ordinance governing the commission of a crime. Moreover, none of the allegations in these counts allege activities which arise out of a professional services, which is required for coverage under the NCMIC policy.

17.     In Count IV, Doe alleges that if the photographs were taken for medical purposes, much fewer photographs could have been taken and that he failed to protect the photographs from the viewing pleasure of others.

18.     Count IV of the Doe complaint is excluded by Exclusion E, which excludes coverage for medical incidents arising out of an invasion of privacy.

19.     Drizin tendered the Doe Complaint to NCMIC for a defense. NCMIC is currently defending Drizin subject to a reservation of rights. As such NCMIC has spent and will spend substantial sums in the future to defend Drizin.

HINSHAW & CULBERTSON
P.O. Box 569009, Suite 1600, 9155 South Dadeland Boulevard, Miami, Florida 33256  (305) 358-7747 – Facsimile (305) 577-1063

20.    Drizin contends that NCMIC is obligated under its insurance contract to defend and indemnify him.

21.    For the reasons alleged above, NCMIC denies its under any obligation to defend or indemnify Drizin.

22.    In light of the foregoing, an actual controversy exists between the parties and pursuant to 28 USC 2201, this Court has the power to declare the rights and obligation of the parties under the NCMIC insurance contract.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, National Chiropractic Mutual Insurance Company, pursuant to the foregoing, respectfully requests this Court:

a.    Take jurisdiction over this matter and determine and adjudicate the rights and liabilities of the parties with respect to the NCMIC policy;

b.    Find and determine that NCMIC has neither the duty to defend nor the duty to indemnify Scott Drizin for any of the allegations in the Doe Complaint; and

c.    Grant NCMIC the costs of defending Scott Drizin in the underlying action, together with the costs of this action, and such other relief as this Court deems just and proper under the evidence and the circumstances of this proceeding.

### COUNT II – DECLARATORY RELIEF AGAINST HOLISTIC HEALTHCARE CENTERS, INC.

23.    Plaintiff realleges paragraphs 1 – 22, as if fully set forth herein.

24.    HHC has tendered the Doe Complaint to NCMIC for a defense, contending that is an insured under the policy issued to Drizin and that NCMIC is obligated under its insurance contract to defend and indemnify him.

HINSHAW & CULBERTSON
P.O. Box 569009, Suite 1600, 9155 South Dadeland Boulevard, Miami, Florida 33256  (305) 358-7747 – Facsimile (305) 577-1063

25.     NCMIC has denied coverage, asserting that HHC is not a named insured, additional insured or insured under its policy.

26.     For the reasons alleged above, NCMIC denies it is under any obligation to defend or indemnify HHC.

27.     In light of the foregoing, an actual controversy exists between the parties and pursuant to 28 U.S.C. § 2201 this Court has the power to declare the rights and obligations of the parties under the NCMIC insurance contract.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, National Chiropractic Mutual Insurance Company, pursuant to the foregoing, respectfully requests this Court:

a.     Take jurisdiction over this matter and determine and adjudicate the rights and liabilities of the parties with respect to the NCMIC policy; and

b.     Find and determine that NCMIC has neither the duty to defend nor the duty to indemnify HHC for any of the allegations in the Doe Complaint.

DATED:     January 10, 2003

Respectfully submitted,

HINSHAW & CULBERTSON
Attorneys for Plaintiff
9155 South Dadeland Blvd.
Suite 1600
Miami, Fl 33156
(305) 358 -7747 / telephone
(305) 577- 1063 / telefax

By: _____
Ronald L. Kammer
Florida Bar No. 360589
Valerie M. Jackson
Florida Bar No. 0170135

14259107v1 818189